UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
RICHARD ABONODOLO, as Chairman of
the Board of Trustees of UFCW LOCAL 342 HEALTH
CARE FUND; RICHARD ABONDOLO, as Chairman
of the Board of Trustees of UFCW LOCAL 342
ANNUITY FUND; RICHARD ABONODLO, as
Chairman of the Board of Trustees of UFCW LOCAL
342 SAFETY EDUCATION, CULTURAL FUND, and
RICHARD ABONODOLO, as Chairman of the Board of
Trustees of UFCW LOCAL 342 LEGAL FUND,

        Petitioner,       <u>REPORT AND
                     RECOMMENDATION</u>

 -against-

                     CV 10-0494 (JS) (ETB)

MILTON ABELES, INC.,

        Respondents.
----------------------------------------------------------------------x

TO THE HONORABLE JOANNA SEYBERT, United States District Judge:

   Petitioner commenced this action on February 4, 2010, pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a) ("ERISA"), the Labor Management Relations Act of 1974, 29 U.S.C. § 185(a) ("LMRA"), and the United States Arbitration Act, 9 U.S.C. § 9, to confirm an arbitration award issued on January 26, 2010 in favor of petitioner. Respondent has not appeared in this action in any way. Before the Court is petitioner's motion for a default judgment in the amount of $46,722.75, plus prejudgment interest and reasonable attorney's fees and costs. For the following reasons, I recommend that petitioner's application to confirm the arbitration award be granted and that damages be awarded as discussed below.

-1-

## FACTS

The petitioner, Richard Abondolo, is the Chairman of the Board of Trustees of various employee funds (the "Funds") administered by UFCW Local 342 ("Local 342"). (Petition ¶¶ 4-6.) The respondent, Milton Abeles, Inc., is an employer who is bound by a collective bargaining agreement (the "Agreement") entered into between Local 342 and the respondent, which sets forth the wages, hours and conditions of employment for members of Local 342 working for the respondent. (Petition ¶¶ 8-9.)

Pursuant to the Agreement, respondent was obligated to make certain contributions to the Funds to provide health care benefits, retirement and other benefits to its employees. (Petition ¶ 10.) The Agreement authorizes the Funds to commence legal action to collect contributions due and owing to the Funds and specifies that disputes between the Funds and the employer are to be resolved by final and binding arbitration. (Petition ¶¶ 11-12.) Where an employer fails to make the required contributions to the Funds in a timely manner, the Funds are entitled to recover the outstanding contributions, plus interest, liquidated damages, and reasonable attorney's fees and costs. (Petition ¶ 13.)

Between November 1, 2009 and January 1, 2010, the respondent failed to make some or all of the required contributions to the Funds. (Petition ¶ 14.) A bill was sent to the respondent for the outstanding contributions but no payment was ever made. (Petition ¶ 14.) An arbitration hearing was thereafter held, wherein the respondent appeared and admitted on the record that it owed the contributions sought by the Funds. (Petition ¶ 17 and Ex. A, annexed thereto.)

On January 26, 2010, the arbitrator issued his award, finding that the respondent violated the Agreement between the parties by failing to make the required contributions to the Funds

from November 1, 2009 through January 1, 2010. (Petition ¶ 18 and Ex. A.) The arbitrator found in favor of the Funds in the amount of $46,722.75. (Petition ¶ 19 and Ex. A.)

The Funds have demanded that the respondent comply with the arbitration award, but the respondent has failed to do so. (Petition ¶ 20.) As a result, the Funds commenced the within action to confirm the arbitration award issued in their favor. The respondent has not answered the Petition or appeared in this action in any way. The respondent's default was noted by the Clerk of the Court on April 7, 2010 and the petitioner thereafter moved for a default judgment. By Order dated May 17, 2010, Judge Seybert referred the petitioner's motion for a default judgment to the undersigned.

## DISCUSSION

I.  Confirming an Arbitration Award

"Arbitration awards are not self-enforcing . . . they must be given force and effect by being converted to judicial orders by courts; these orders can confirm and/or vacate the award, either in whole or in part." New York City District Council of Carpenters Pension Fund v. Carroll, No. 09 Civ. 3207, 2010 U.S. Dist. LEXIS 81940, at *3 (S.D.N.Y. Aug. 12, 2010) (quoting D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 104 (2d Cir. 2006)). Although the within motion is characterized as one for a default judgment, the Second Circuit has held that "Rule 55 does not operate well in the context of a motion to confirm or vacate an arbitration award." D.H. Blair, 462 F.3d at 107. Accordingly, "default judgments in confirmation/vacatur proceedings are generally inappropriate." Id. at 109. Rather, a motion for a default judgment in the context of a petition to confirm an arbitration award should be "treated as akin to a motion for summary

judgment," id. at 109, and "when the respondent fails to answer, like an unopposed motion for summary judgment." Herrenknecht Corp. v. Best Road Boring, No. 06 Civ. 5106, 2007 U.S. Dist. LEXIS 28495, at *4 (S.D.N.Y. Apr. 16, 2007) (citing D.H. Blair, 462 F.3d at 109-10).

"Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" D.H. Blair, 462 F.3d at 110 (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)). "[T]he court must grant the award unless the award is vacated, modified or corrected." Laundry, Dry Cleaning Workers & Allied Indus. Health Fund v. Stain Less, Inc., No. 07-CV-3202, 2008 U.S. Dist. LEXIS 22402, at *2 (E.D.N.Y. Mar. 18, 2008) (quoting D.H. Blair, 462 F.3d at 110). "It is well established that courts must grant an [arbitrator's] decision great deference." Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003).

Moreover, an "arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." D.H. Blair, 462 F.3d at 110. "Only a barely colorable justification for the outcome reached by the arbitrator[] is necessary to confirm the award." Laundry, Dry Cleaning Workers, 2008 U.S. Dist. LEXIS 22402, at *2 (quoting D.H. Blair, 462 F.3d at 110).

After reviewing the Petition, the materials submitted in connection with petitioner's motion for a default judgment and the underlying arbitration award, I recommend that the arbitration award be confirmed and that judgment be granted in favor of petitioner in the amount of $46,722.75, which represents the following: (1) delinquent contributions in the amount of $36,526.82; (2) interest, pursuant to ERISA, in the amount of $1,075.47; (3) liquidated damages, pursuant to ERISA, in the amount of $7,520.46; (4) attorney's fees incurred in connection with

the arbitration in the amount of $800; and (5) costs incurred in connection with the arbitration in the amount of $800.

II.      Prejudgment Interest

Petitioner also requests prejudgment interest at a rate of eighteen percent (18%) per annum. The amount of prejudgment interest calculated by petitioner to be due and owing as of June 30, 2010 is $3,380.46.

"The decision whether to grant prejudgment interest in arbitration confirmations is left to the discretion of the district court." Herrenknecht, 2007 U.S. Dist. LEXIS 28495, at *7 (quoting SEIU v. Stone Park Assocs., LLC, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004)). There is "a presumption in favor of prejudgment interest" in the Second Circuit," Herrenknecht, 2007 U.S. Dist. LEXIS 28495, at *7 (quoting Waterside Ocean Navigation Co. v. Int'l Navigation Ltd., 737 F.2d 150, 154 (2d Cir. 1984)), particularly where "the agreement between the parties states that an arbitration decision is final and binding," as it does herein. Herrenknecht, 2007 U.S. Dist. LEXIS 28495, at *7 (citation omitted).

Based on the foregoing, I recommend that petitioner be awarded prejudgment interest at the requested rate of eighteen percent (18%) per annum from February 1, 2010 through August 31, 2010, for a total of $4,737.90 and that additional prejudgment interest be awarded, as calculated by the Clerk of the Court, through the date of judgment.[1]

---

[1] The amount of prejudgment interest was calculated by dividing 18% by twelve months, which breaks down to 1.5% per month, and then multiplying that percentage by the number of months from February 1, 2010 through August 31, 2010, which is 7. Accordingly, for seven months, the amount of prejudgment interest is equal to 10.5% of the amounts due and owing to each of the individual Funds, as broken down in petitioner's counsel's affidavit in support of the

III.     Additional Attorney's Fees and Costs

Petitioner requests an additional award of $1,750 in attorney's fees and $390 in costs incurred in connection with the within litigation. Section 502(g) of ERISA permits plaintiffs to recover their reasonable attorney's fees and costs. See 29 U.S.C. § 1132(g)(2)(D). Attorney's fees should be "documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." Kirsch v. Fleet St., Ltd., 148 F.3d 149, 172 (2d Cir. 1998). Here, petitioner's counsel provided records of the date, time spent, and the nature of the work performed by each person who worked on the case. The Court has reviewed these submissions and finds the time spent and the fees charged to be reasonable. Moreover, the costs incurred in this action include the $350 court filing fee and a $40 service of process fee. Both are reasonable expenditures that are recoverable under ERISA. Accordingly, I recommend that petitioner be awarded additional attorney's fees in the amount of $1,750 and costs in the amount of $390.

RECOMMENDATION

For the foregoing reasons, I recommend that petitioner's arbitration award be confirmed and that petitioner be awarded the full amount of the arbitration award, $46,722.75. I further recommend that petitioner be awarded prejudgment interest through August 31, 2010 in the amount of $4,737.90 and that additional interest be awarded through the date that judgment is entered herein. Finally, I recommend that petitioner be awarded attorney's fees for the within application in the amount of $1,750 and costs in the amount of $390, for a total monetary award

---

motion for a default judgment. (Wincott Aff. ¶ 7.)

of $53,600.65, plus additional prejudgment interest through the date of judgment.

### OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any written objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further appellate review. Thomas v. Arn, 474 U.S. 140, 145 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 299-300 (2d Cir. 1992).

**SO ORDERED:**

Dated: Central Islip, New York
September 9, 2010

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge