```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
RICHARD ABONDOLO, as Chairman of the              MEMORANDUM & ORDER
Board of Trustees of UFCW LOCAL 342               10-CV-0494(JS)(ETB)
HEALTH CARE FUND; RICHARD ABONDOLO, as
Chairman of the Board of Trustees of
UFCW LOCAL 342 ANNUITY FUND; RICHARD
ABONDOLO, as Chairman of the Board of
Trustees of UFCW LOCAL 342 SAFETY
EDUCATION, CULTURAL FUND, and RICHARD
ABONDOLO, as Chairman of the Board of
Trustees of UFCW LOCAL 342 LEGAL FUND,

                    Petitioners,

        -against-

MILTON ABELES, INC.,

                    Respondent.
----------------------------------------X
```

APPEARANCES:
For Petitioners:    Ira D. Wincott, Esq.
                    Law Office of Ira D. Wincott
                    166 East Jericho Turnpike
                    Mineola, NY 11501

For Respondent:     No appearances.

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge E. Thomas Boyle's Report & Recommendation ("R&R"), issued September 9, 2010. For the foregoing reasons, the Court ADOPTS this R&R in part, and RESERVES JUDGMENT IN PART. Consequently, Petitioners' motion for a default judgment (Docket No. 7) is GRANTED IN PART, and the Court RESERVES JUDGMENT IN PART. Petitioners are directed to prepare a supplemental filing as per this Order.

BACKGROUND

On February 4, 2010, Petitioners commenced this action seeking to confirm an arbitration award issued January 26, 2010. Respondent did not answer the Petition and, on May 4, 2010, the Petitioners moved for a default judgment. The Court referred this motion to Magistrate Judge Boyle.

On September 9, 2010, Judge Boyle issued the R&R, recommending that: (1) a default judgment be entered against Petitioners; (2) Petitioners be awarded a judgment confirming the arbitration award in the amount of $46,722.75, reflecting delinquent contributions, interest, liquidated damages, and attorneys' fees incurred in connection with the arbitration; (3) Petitioners be awarded pre-judgment interest at a rate of 18% per annum, through the date of judgment ($4,737.90 as of August 31, 2010); and (4) Petitioners be awarded $1,750 in additional attorneys' fees and $390 in costs. No party has filed any objections to this R&R.

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on

the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotations omitted).

Here, no party objected to Judge Boyle's R&R. And, as to the decision to award a default judgment on liability, the Court finds his R&R to be correct, comprehensive, well-reasoned, and free of any clear error. Accordingly, the Court ADOPTS Judge Boyle's recommendation as to liability, and thus GRANTS Petitioners' default judgment motion as to liability.

Damages are a somewhat more complicated matter. As near as the Court can figure, the arbitrators awarded pre-judgment interest at an 18% simple, non-compound rate, based on the total unpaid contributions. See Docket No. 14 Ex. A.[1] And, for the most part, Petitioners seek only simple interest, albeit at an 18% rate. See Docket No. 14 at 2. But Petitioners seek this 18% simple interest rate not just on the amount of the unpaid contributions, but also on the compounded sum of unpaid contributions, pre-judgment interest and liquidated damages that the arbitrators awarded. Id. Petitioners, however, cite no legal or contractual authority to warrant an award of interest-

---

[1] The Court presumes that this rate is contractual, as it does not comport with the statutory rate. See 29 U.S.C. § 1132 ("interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26"); 29 U.S.C. § 6621 (pegging statutory rate to the federal short term rate); http://www.irs.gov/pub/irs-drop/rr-10-31.pdf (listing applicable federal short term rates) (last visited Dec. 29, 2010).

3

on-interest, or interest-on-liquidated damages, much less at the apparent 18% contractual rate. And ERISA itself authorizes only "interest on the unpaid contributions." 29 U.S.C. § 1132(g)(2)(B).

This is not to say that Petitioners have no right to the interest award they seek. The Court opines only that it lacks sufficient information to tell whether such an award is warranted, even under the applicable clear error standard. To that end, the Court ORDERS Petitioners to, within twenty (20) days, file: (1) a Declaration setting forth the legal and/or contractual basis for their requested pre-judgment interest award; and (2) any supporting documentation that could assist the Court in calculating an appropriate award.

## CONCLUSION

Judge Boyle's R&R is ADOPTED IN PART AND THE COURT RESERVES JUDGMENT IN PART. Similarly, Petitioners' default judgment motion is GRANTED IN PART AND THE COURT RESERVES JUDGMENT IN PART. The Court ADOPTS Judge Boyle's recommendation as to liability, and thus GRANTS Petitioners' default judgment as to liability. But the Court RESERVES JUDGMENT on an appropriate damages award. To that end, Petitioners are directed to, within twenty (20) days, file: (1) a Declaration setting forth the legal and/or contractual basis for their requested pre-judgment interest award; and (2) any supporting

documentation that could assist the Court in calculating an appropriate award.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   December 30, 2010
         Central Islip, New York